56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles HAMPTON, Jr., Defendant-Appellant.
 No. 94-2514.
 United States Court of Appeals, Seventh Circuit.
 Argued April 25, 1995.
Decided May 19, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Charles Hampton, Jr., of conspiracy to transport stolen property across state lines. The district court sentenced him to 44 months imprisonment and three years supervised release, and ordered him to pay partial restitution.
 
 
 2
 At oral argument, Hampton abandoned his claim that the district court incorrectly determined his criminal history category, rather he argued that the only issue that need be decided on appeal was whether the district court erred by increasing his offense level under U.S.S.G. Sec. 2B1.1(b)(5)(B) (receiving and selling stolen property). Before the district court Hampton did not object to this increase on the grounds he has now raised on appeal, so we review for plain error. United States v. Lampkins, Nos. 94-1748, 94-1752, 94-1761. slip op. at 2 (Jan. 18, 1995), pet. for cert. filed, (March 2, 1995) (No. 94-8268); United States v. Barker, 27 F.3d 1287, 1291 (7th Cir. 1994).
 
 
 3
 If a defendant has acted as a "fence", that is a person in the business of receiving and selling stolen property, he is, under the provisions of Sec. 2B1.1(b)(5)(B), subject to an upward adjustment of four in his offense level. However, Hampton merely sold the grain he stole. The government concedes that because Hampton was the person who stole the property, he could not also be "a person in the business of receiving and selling stolen property." United States v. Braslawsky, 913 F.2d 466, 468 (7th Cir. 1990).
 
 
 4
 The government failed to make this distinction clear to the district court at sentencing. The result was an erroneous application of Sec. 2B1.1(b)(5)(B) which caused an increase in the calculation of Hampton's range of imprisonment from 24-30 months to 37-46 months. The error here is plain and we VACATE the sentence imposed and REMAND to the district court for resentencing.